Long v. Moon.

LONG *et al.* v. MOON *et al.*, *Appellants*.

DIVISION ONE.

1.  **Supreme Court Practice :** VERDICT, WHEN SET ASIDE FOR WANT OF EVIDENCE. The supreme court will set aside a verdict which is without substantial evidence to support it.

2.  **Negligence :** INDEPENDENT CONTRACTOR. Where one contracts with another exercising an independent calling to do work for him according to the contractor's own methods and not subject to his control or orders, except as to results to be obtained, the former is not liable for the wrongful acts of such contractor or his servants.

3.  ——— : ———. Some exceptions to the foregoing rule stated.

---

Long v. Moon.

---

*Appeal from St. Louis City Circuit Court.*—Hon. G. W. Lubke, Judge.

Reversed.

. *Edmond A. B. Garesché* for appellants.

(1) The petition in this case does not state facts sufficient to constitute a cause of action against defendants. *State ex rel. v. Bldg. Co.*, 14 Mo. App. 597; *Dillon v. Hunt*, 11 Mo. App. 248; s. c., 28 Mo. 150; *Murray v. Richmonds*, 1 Allen (Mass.) 414; *Brackett v. Lubke*, 4 Allen, 138; *Gilliland v. Railroad*, 19 Mo. App. 416; Bliss on Code Pleading, sec. 318. Hence in view of the fact that the petition entirely fails to state a cause of action against appellants, and is, therefore, clearly distinguishable from a case where a cause of action is defectively stated, the trial court should have sustained the objection to the introduction of any evidence under it and erred in refusing to do so. *Hurst v. Ashgrove*, 96 Mo. 168; *Johnson v. Railroad*, 96 Mo. 346; *Hall v. Railroad*, 74 Mo. 298; *Crane v. Railroad*, 87 Mo. 588. The petition is clearly bad upon demurrer, "and the judgment for the same reason is equally bad on motion in arrest." *Hart v. Wire Co.*, 91 Mo. 420. The fact that the petition does not state facts sufficient to constitute a cause of action is a fatal defect, and objection to it may be taken at any stage of the proceedings and to the same effect as though the court had no jurisdiction over the subject-matter. *Burdsall v. Davies*, 58 Mo. 138. (2) The evidence offered by respondents. established affirmatively that the injury suffered by Julia Long was the result of negligence on the part of the servants of an independent contractor, who was engaged. under a written contract in erecting an · elevator in the premises of appellant, and that appellants neither had, under the contract, nor exercised, nor even attemped to. exercise, any control over the men, methods or means used.

in its construction. There was, therefore, no evidence upon which respondents should have been allowed to go to the jury, and the trial court erred in refusing instruction of nonsuit, asked at close of "plaintiff's" case. *Barry v. St. Louis*, 17 Mo. 121, and cases cited; Wood on Master & Servant, p. 584; *Perry v. Ford*, 17 Mo. App. 220; *Clark v. Railroad*, 36 Mo. 202; *Morgan v. Bowman*, 22 Mo. 538; *Fink v. Furnace Co.*, 82 Mo. 285. (3) The first instruction given on behalf of respondents is erroneous in that there was no evidence to support the hypothesis, that the "injuries of which the plaintiff complains were the result of an accident caused by the negligence or carelessness of persons employed by the defendants." *Bank v. Overall*, 16 Mo. App. 510; *Skyles v. Bollman*, 85 Mo. 35; *Bowen v. Railroad*, 75 Mo. 426; *Bonine v. Richmond*, 75 Mo. 437. (4) The court erred in the admission of evidence. *Hinds v. Marshall*, 22 Mo. App. 208. (5) The court erred in refusing instruction asked during the argument of plaintiff's counsel. There had been no such issue submitted to the jury, and the remarks of plaintiff's counsel were intended and calculated to mislead the jury in regard to the real issue in this case. (6) The trial court erred in supposing that it had no power to set aside the verdict and judgment rendered in this case, or to grant appellants a new trial, and to this extent appellants were denied the benefit of the free exercise of the prerogative of the trial court in this respect. R. S. 1889, sec. 2240; *State ex rel. v. Adams*, 76 Mo. 609; *Boyse's Adm'r v. Smith's Adm'r*, 16 Mo. 321; *Pratt v. Cabanne*, 12 Mo. 194; *State ex rel. v. Horner*, 86 Mo. 74. (7) The damages are excessive and wholly unsupported by the evidence. *Hinds v. Marshall*, 22 Mo. App. 208.

*R. W. Goode* for respondents.

(1) The cases cited by appellants show the law to be in favor of respondents' position, or have no binding

authority in the case under discussion. (2) The supreme court will not weigh the evidence in a case tried by two successive juries which have found for the same party. *Hemelreich v. Carlos*, 24 Mo. App. 270; *Miller v. Porter*, 31 Mo. App. 574; *Slate v. Clawson*, 32 Mo. App. 96; *Cleveland v. Crum*, 33 Mo. App. 616; *Swayze v. Bride*, 34 Mo. App. 416; *Donovan v. Ryan*, 35 Mo. App. 162; *McPherson v. Railroad*, 97 Mo. 253; *City v. Lanigan*, 97 Mo. 175; *Krider v. Milner*, 99 Mo. 145; *Avery v. Fitzgerald*, 94 Mo. 207. (3) The instructions to the trial court were warranted by the law applicable to the case. *Perry v. Ford*, 17 Mo. App. 212; *Dillon v. Hunt*, 11 Mo. App. 247; s. c., 82 Mo. 150; *Harriman v. Stowe*, 57 Mo. 93; *Schultz v. Moon*, 33 Mo. App. 343.

BRACE, J.—This is an action for personal injuries in which the plaintiffs recovered judgment, and the defendants appeal.

The undisputed facts are that the defendants engaged in the business of carriage manufacturers in the city of St. Louis under the firm-name of Moon Bros., in April, 1887, entered into a contract with one H. J. Reedy of Cincinnati, Ohio, who agreed to construct, and put up for them one of the said Reedy's improved gear-power elevators in their new building, then being erected, and approaching completion, on the southwest corner of Seventeenth and Morgan streets in said city. The terms of the contract are embraced in a written proposal of the said Reedy of date April 11, 1887, accepted by Moon Bros., containing detailed specifications of the machine to be furnished complete for $476, "guaranteed, and to be kept in repair for one year."

Prior to the fourth of July, 1887, the material of the elevator was shipped from Cincinnati to St. Louis, and one Holtzman, an employe of Reedy, came on to

put it up.   Holtzman employed one Turgin, a carpenter, to assist him, and on that day they were engaged in constructing the elevator.   They were both on the elevator, Holtzman was engaged in putting on the casing, consisting of poplar boards, about fourteen feet long, four inches wide, and one inch thick, Turgin assisting him, lowering and raising the elevator as Holtzman wanted it.   One of the boards was standing on the platform leaning against the beam of the elevator, and when the elevator was raised to the top of the building it struck the other beam that holds the pulleys of the elevator, upset the board, which slipped off the platform through the fourth story window of the shaft and fell upon the left shoulder of Mrs. Long who was sitting on the steps in her side yard immediately adjoining the premises of the defendant, reading a paper, fracturing her collar bone.

At the close of plaintiff's evidence the defendants demurred ; their demurrer being overruled, they introduced evidence, and, upon the whole evidence being in, renewed their demurrer by way of an instruction, which the court refused.   The case was submitted to the jury, on the instructions, and a verdict returned in favor of the plaintiff for $6,250.   Motions in arrest of judgment and for new trial were filed, and overruled, the latter on condition that plaintiff enter a *remittitur* for $3,125, which having been done, judgment was entered for plaintiff for the sum of $3,125, and the defendants appealed.

I.   In the view we take of the evidence in this case, it will not be necessary to notice the objections urged against the petition ; to the action of the court on the admission of evidence, or upon the instructions that were given or refused ; for after a careful study of all the evidence we fail to find anything therein tending to prove a cause of action against the defendant.   The demurrer to the evidence, therefore, ought to have been sustained.   While we have repeatedly said that in

actions at law we cannot weigh conflicting evidence for the purpose of ascertaining whether the verdict is supported by a preponderance, if there be any evidence upon which it can rest, we have as emphatically declared that a verdict which has no substantial evidence to support it ought to be set aside, and, if the trial court will not do so on appeal to this court, a judgment on such a verdict must be reversed. *Powell v. Railroad,* 76 Mo. 80 ; *Landis v. Hamilton,* 77 Mo. 554 ; *Jackson v. Hardin,* 83 Mo. 175 ; *Avery v. Fitzgerald,* 94 Mo. 207.

II.   Conceding that the injuries received by Mrs. Long were the direct result of a negligent act or omission on the part of Holtzman or Turgin, while engaged in the work on the elevator, upon what principle are the defendants to be made to respond in damages for their negligence ?   They were not servants or employes of the defendants.   They were the servants and employes of Reedy, with whom defendants had made a contract to put up and deliver to them, fully completed and in working order, this machine, for a specified sum according to written specifications agreed on.   They reserved no right to direct the method of doing, or to provide the means by which the work should be done, to engage any one to do it, or any part of it, or of control over those whom Reedy might engage to do it. They had no occasion to do so.   They were only interested in the result of that work ; in getting a perfect machine according to specifications such as they had contracted for..   In the method of doing it, the means by which the work should be done, and by whom it should be done, Reedy was alone interested and to him was left the whole management and control of the construction in the building of defendants. The law is well-settled that " where a person contracts with another, exercising an independent . calling, to do a work for him according' to the contractor's own methods and not subject to his control or orders except as to results to be obtained, the former is not liable for

the wrongful acts of such contractor or his servants.''
14 Am. & Eng. Ency. of Law, p. 830, and cases cited,
note 3; *Barry v. St. Louis*, 17 Mo. 121, and cases
cited; *Morgan v. Bowman*, 22 Mo. 538; *Clark's Adm'x
v. Railroad*, 36 Mo. 202; *Hilsdorf v. St. Louis*, 45 Mo.
94; *Dillon v. Hunt*, 82 Mo. 150; *Fink v. Furnace Co.*,
82 Mo. 276; *Blumb v. City of Kansas*, 84 Mo. 112;
*Lancaster v. Ins. Co.*, 92 Mo. 460.

To this general rule there are, of course, exceptions;
as when one is charged with a duty arising from a legal
obligation which he cannot devolve on another (*Welsh
v. St. Louis*, 73 Mo. 71; *Russell v. Columbia*, 74 Mo.
480); when the work to be done necessarily creates a
nuisance, or involves a trespass upon the property of
or direct injury to another, and when a person employ-
ing a contractor personally interferes the rule as to
independent contracts may not apply. But the evi-
dence fails to bring this case within any of the excep-
tions noted in the authorities. A faint effort was made
to show interference by the defendants by the introduc-
tion of evidence tending to prove that the defendants'
engineer, with their assent, got up steam on the day of
the accident, and furnished Reedy's employes with
the power which enabled them to move the elevator up
and down at their pleasure and as the exigencies of
their work required, but the engineer could not and did
not exercise any control over their movements or that
of the elevator by so doing. Of like character was the
evidence introduced tending to prove that after the
accident, while a number of parties were in Mrs.
Long's yard, including Holtzman and Turgin, and her
necessities were being administered to, one of the
defendants remarked to them, ''Go back to your work,
you can do no good here.'' It is unnecessary to say
anything of the character of reasoning that could infer
the relation of master and servant between these
parties from this casual remark, even if it was made by
one of the defendants, but concerning which there was

also evidence tending to prove that it was not made by him, but by another bystander, and might have been made by any bystander under the circumstances, without suggesting for a moment any right of command in such bystander. And this, in connection with the fact that the work was being done on the fourth of July, and that defendants were desirous of its early completion, is all plaintiffs' case has to stand on, in the face of the positive and uncontradicted evidence, that the work on this elevator was at the time being done exclusively by the employes of Reedy, over whom the defendants had no right of control, and over whom they never, at any time, attempted to exercise any control; in other words there is no evidence to raise a doubt in this case, but that the persons who did the injury to the plaintiff were the employes and servants of Reedy, engaged at the time in his service, on his work, within the scope of their employment; and not the servants or employes of defendants, nor engaged in their service nor under their control in any manner whatever. The demurrer to the evidence should, therefore, have been sustained.

The judgment of the circuit court is reversed. All concur except SHERWOOD, C. J., not sitting.