REICHENBACH v. ELLERBE, SUPERINTENDENT OF INSURANCE, *Appellant*.

Division One, May 8, 1893.

1. **Insurance**: MUTUAL BENEFIT ASSOCIATION: FORFEITURE OF MEMBERSHIP: DIRECTING VERDICT. Where, in an action by a wife on a certificate of membership held by her husband in a mutual benefit association, the uncontradicted and unimpeached evidence shows that the deceased had forfeited his membership by failure to pay his assessment dues, the trial court should direct a verdict for the defendant.

2. ——: ——: ——: ——. Where the trial court fails to so direct a verdict, the supreme court will, on appeal, reverse the judgment.

3. ——: ——: NOTICE OF ASSESSMENT. Proof of the deposit in the postoffice of a written or printed notice of the assessment directed to the deceased is sufficient proof of such notice, where the contract of membership so provides.

4. ——: ——: ——. An officer of the association is competent, both at common law and under the statute, to testify to the fact that notice had been given to the deceased that his assessment was due.

*Appeal from St. Louis City Circuit Court.*—HON.
DANIEL DILLON, Judge.

REVERSED.

*Phillips, Stewart, Cunningham & Eliot* and *Huff &
Hereford* for appellant.

(1) The court should have given a peremptory
instruction to the jury to find for the defendant upon
the second count. A verdict should not be allowed to
stand where, to reach the same, the jury must have
disregarded the clear, consistent evidence of a compe-
tent and unimpeached witness, uncontradicted by any
evidence in the case. *Lionberger v. Pohlman*, 16 Mo.
App. 392; *Borgraefe v. Knights of Honor*, 22 Mo. App.
127; *Henderson v. Railroad*, 36 Mo. App. 109; *Spohn
v. Railroad*, 87 Mo. 74; *Rosecrans v. Railroad*, 83 Mo.
678; *Morgan v. Durffee*, 69 Mo. 469. (2) The verdict
of the jury upon the second count was against the
evidence and manifestly the result of prejudice or of
disregard of the instruction of the court. *Friesz v.
Fallon*, 24 Mo. App. 439; *Garrett v. Greenwell*, 92 Mo.
120; *Caruth v. Richeson*, 96 Mo. 186; *Long v. Moon*,
107 Mo. 334. (3) In a case of the present character
the erroneous admission of improper evidence, such as
that addressed to the question of waiver of prompt
payment of dues, is not remedied by a subsequent
instruction excluding it from consideration. The jury
is confused and prejudiced irrevocably. Thompson on
Trials, secs. 2262c, 2273 and notes; *Batterson v. Vogel*,
10 Mo. App. 235; *Evans v. Railroad*, 16 Mo. App. 525.
(4) Instruction numbered 6, asked for defendant,
should have been given. *Heffernan v. Supreme Council*,
40 Mo. App. 605. (5) Where the facts have been
fully developed at the trial below, and the court

should have directed a verdict,. the cause should not be remanded for .a retrial, but judgment should be entered in the appellate court for the proper party.

*Martin & Bass* and *H. A. Loevy* for respondent.

(1) The only evidence as to giving of the notice of the assessment was Farris, appellant's cashier, who says he mailed notices on that date, not because he knows, but because it was his custom to mail notices on the twentieth of each month. This was insufficient to work a forfeiture. *Borgraefe Case*, 22 Mo. App. 147. (2) Deems testifies to conversation with deceased a week before his death, wherein the latter admitted having received notice of assessment made August 20, 1888, and then due, which evidence has but little weight; the declarant being dead and not able to contradict or explain. *Underwood v. Underwood*, 48 Mo. 527; *Johnson v. Quarles*, 46 Mo. 423. (3) Besides, such evidence is incompetent as between the insurer and beneficiary. Niblack Benefit Society, sec. 377; 1 Greenlief on Evidence, sec. 171. (4) Respondent testifies that she did not know of or find any notice of assessment 745–745½. This question was, then, one for the jury. *Siebert v. Chosen Friends*, 23 Mo. App. 274, a parallel case on this point; *Gibson Case, supra.* (5) The verdict was not the result of passion or prejudice. Judge Dillon, who saw and heard both parties testify, refused to find that notice was given, and this court will not so find. *Siebert v. Chosen Friends*, 23 Mo. App. 274; *Gibson v. Zimmerman*, 27 Mo. App. 96, 97; *Miller v. Boot and Shoe Co.*, 26 Mo. App. 64. A verdict of a jury may be contrary to uncontradicted affirmative evidence, but that will not be sufficient ground for reversal in an action at law. *Votga v. Pelikan*, 15 Mo. App. 471. Especially where there is no preponderance in favor of

the party having the burden of proof. *Vautrain v. Railroad*, 78 Mo. 44; *Rosecrans v. Railroad*, 88 Mo. 678; *Gregory v. Chambers*, 78 Mo. 274.

BRACE, J.—This is an appeal from a judgment of the circuit court of St. Louis for $2,000 and interest, in favor of the plaintiff against the United Masonic Benefit Association of Missouri, successor of the Masonic Mutual Benefit Society of Missouri, on a certificate of membership, number 2499, issued by said society on the second day of January, 1883, to William Reichenbach, the deceased husband of the plaintiff, for her benefit, by the terms of which, under the by-laws of the association, she was to become entitled to that amount upon the death of her said husband. "Upon condition, however, that if the said William Reichenbach shall fail to pay any assessment when the same becomes due and payable by him according to the the by-laws of this society and the terms of this certificate, then this contract and agreement shall be null and void and of no effect whatever, and the said Wm. Reichenbach and the beneficiary therein shall forfeit all rights accruing under this certificate."

The certificate was issued by the society and accepted by the holder and beneficiary upon the following express conditions and agreements also therein set out: " *First.* That the same is issued and accepted subject to the provisions of the articles of association and by-laws. *Second.* A printed or written notice directed to the address of each member as it may appear at the time on the books of the society and deposited in the postoffice or delivered by an agent of the society shall be deemed sufficient notice. *Third.* Due notice must be given to the society by each member of his change of residence or postoffice address when such change occurs."

The defense was forfeiture of the benefits of the certificate by failure to pay an assessment.

It appeared from the evidence that on the eleventh of July, 1888, an assessment for death losses was duly made under the by-laws of the association upon the members to which certificate number 2499 belonged; that notices of this assessment were made out and authenticated by the proper officers of the association, and in the form required by the by-laws, for all the members of the class to which this certificate belonged; that they were addressed to such members severally according to their postoffice address as it appeared upon the books of the association, in which books the name and postoffice address of the said William Reichenbach appeared; that such notices and the envelopes in which they were contained were compared and checked with the list in the book in a double form for the purpose of avoiding errors; and on the twentieth day of August, 1888, were duly stamped and posted in the United States postoffice at St. Louis.

The by-laws in respect of such notices provided that: "At the close of every month, or as soon as shall be deemed advisable, the secretary shall send by mail, to the post-office address of each member of the association in which death or deaths have occurred during the month, a notice or notices giving the name of the deceased member or members, and the lodge to which he or they belonged, and the assessment due from each member to whom such notice is sent; or the secretary may employ a member of the·association, in any town or city where members reside, who shall serve such notice or notices, either personally or by mail, or by giving verbal notice of such assessment; which notice or notices, sent, served or given, shall be deemed and taken to be lawful and sufficient notice for the payment of the assessments so called for and required; and any

member failing to pay such assessments within twenty days after such notices have been served upon, sent or given to him, shall forfeit his membership in the association, and all benefits and interest therefrom and therein, provided, that any payment of assessment after such forfeiture, or any notice to pay, or subsequent assessment by the association, shall not have the effect to restore the person notified or paying, to membership or to any rights under his certificate, until his application for reinstatement shall be presented to and approved by the executive committee."

"Section 5. Any member having forfeited his membership, as above provided in section 2, may be reinstated and restored to membership only upon such payments, terms, and conditions, as may be adopted and prescribed by the executive committee."

Under the by-laws, and by the terms of the notice, this assessment became due and payable on the ninth of September, 1888. That day, however, being a Sunday, the custom of the association permitted the assessment to be paid on the Monday following, to-wit, on the tenth of September, 1888. The assessment was not paid, and on the eleventh day of September, 1888, the said William Reichenbach died.

It further appeared from the evidence that Mr. Deems, the secretary of the association, on the Thursday or Friday before Reichenbach's death called his attention to the assessment, asked him if he had received his notice, and offered, if he was not prepared, to pay it for him to save his membership. To which he replied that "he had received his notice" and "would attend to it himself."

To meet this evidence for the defense, the plaintiff introduced evidence over the defendant's objection, tending to prove that the officers of the association had

allowed the said Reichenbach on many occasions to pay prior assessments after the expiration of the twenty days called for in the by-laws, which evidence was afterwards, at the close of the evidence, withdrawn by an instruction to the effect that it constituted no proof of a waiver by the association of prompt payment of the assessment of August 20, 1888.

The defendant then asked the court to instruct the jury to return a verdict for the defendant, which the court refused to give, as also another instruction which it is not necessary to notice, and submitted the case to the jury on the following instruction for the defendant (the plaintiff asking none):

"The court instructs the jury that if they find from the evidence that an assessment for death benefits was properly made by the defendant association, designated as number 745–745½, and that notice of such assessment was sent August 20, 1888, to William Reichenbach by letter mailed to his address as it appeared on the books of the association, and that William Reichenbach failed to pay such assessment on or before Monday, September 10th, his membership in the association became thereby forfeited and the plaintiff cannot recover."

The jury returned a verdict for the plaintiff for $2,300, and from the judgment rendered thereon the defendant appealed to the St. Louis court of appeals. Pending the appeal in that court the assets of the defendant under the insurance laws of the state passed into the hands of the superintendent of the insurance department, who was substituted as appellant therein, and the cause certified to this court under the constitutional amendment.

On the undisputed facts in the case as shown in the foregoing statement, the court committed error in refusing to instruct the jury to return a verdict for the

defendant. There is no evidence in the case upon
which this verdict can rest. There was no lack of
evidence on the part of the defendant to make its defense
of forfeiture as complete and perfect as in reason such
a defense could be made by unimpeached and uncon-
tradicted evidence. The verdict (in the teeth of the
court's instruction and the evidence) must have been
the fruit of an unreasoning sympathy by the jury for
the bereaved widow (whose case was then before them),
unmindful of the superior claims of other similar
unfortunates, who, by the due performance of the con-
ditions of similar contracts, in law and in equity have a
better right to a fund which by this verdict would be
taken from them and given to the plaintiff, if it were
permitted to stand. Such a verdict can be accounted
for only on the ground of ignorance, partiality, prejudice
or passion, and under the repeated rulings of this court,
cannot be permitted to stand. *Long v. Moon,* 107 Mo.
334; *Caruth v. Richeson,* 96 Mo. 186; *Avery v. Fitzgerald,*
94 Mo. 207; *Garrett v. Greenwell,* 92 Mo. 120; *Spohn v.
Railroad,* 87 Mo. 74; *Whitsett v. Ransom,* 79 Mo. 258.

"When the evidence is of that character that the
trial judge would have a plain duty to perform in set-
ting aside the verdict as unsupported by the evidence,
it is his duty and prerogative to interfere before sub-
mission to the jury and direct a verdict for the defend-
ant." *Jackson v. Hardin,* 83 Mo. 175; *Powell v. Rail-
road,* 76 Mo. 80.

Conceding that the admission of the deceased that
he had received notice of the assessment as testified to
by Deems, was incompetent evidence (Niblack on
Mutual Benefit Societies, sec. 377; *Supreme Lodge v.
Schmidt,* 98 Ind. 374; *Fraternal Ins. Co. v. Applegate,* 7
Ohio St. 292; *Ins. Co. v. Morris,* 3 Lea. (Tenn.) 101;
*Ins. Co. v. Haney,* 10 Kan. 525; *Lazensky v. Supreme
Lodge,* 31 Fed. Rep. 592); yet by the very terms of the

contract sufficient notice was shown when it was proven that a written or printed notice of the assessment prepared in manner and form as required by the by-laws was deposited in the postoffice directed to the address of the deceased, as it appeared on the books of the society, as was done in this case. The suggestion that the officers of the association, by whom these facts were proven, were incompetent witnesses to prove them, has nothing in it. *Bates v. Forcht*, 89 Mo. 121; 1 Greenleaf, 416. They were competent witnesses both at common law and under the statute, testifying for the defendant on the question of notice, to facts peculiarly within their knowledge, arising in transactions not had with the deceased and concerning which he could not have testified, if living, and in a case where, on the other side, a living plaintiff was the sole party to the cause of action at issue, and on trial. Their evidence was of such a character as to leave no reasonable doubt that notice was properly given.

It was the plain duty of the trial judge in this case to have directed a verdict for the defendant before submission to the jury, and having refused to do so afterwards when his attention was again called to the fact by the motion for a new trial, that there was no evidence to sustain the verdict, the same ought to have been set aside; which, however, he refused to do, and for these errors the judgment must be reversed. All concur, except BARCLAY, J., absent.