### CARTER et al. v. MICKELBERRY.

(Circuit Court of Appeals, Seventh Circuit. January 6, 1920.)

#### No. 2720.

MORTGAGES ☞280(5)—EVIDENCE SHOWING REFUSAL TO ACCEPT DEED CONTAINING ASSUMPTION OF DEBT.

Evidence *held* to show conclusively, without contradiction, that defendant refused to accept a deed containing a provision by which he assumed and agreed ti pay a mortgage on the property conveyed, and consequently that he was not bound thereby.

In Error to the District Court of the United States for the Eastern District of Illinois.

Action by Harley Carter and F. W. McClain against E. R. Mickelberry. Judgment for plaintiffs for less than claimed, from which they bring error. Affirmed.

This action, brought to recover $3,361.49, resulted in a judgment against defendant for $250 and costs. The cause of action is grounded upon an assumption clause found in a deed from one Bradbury to defendant, which read as follows: "Subject to a mortgage incumbrance of $8,355, with all interest now due thereon, which the grantee herein assumes and agrees to pay." Plaintiffs aver that they were the owners of the note and mortgage thus referred to; that prior to the commencement of this action foreclosure proceedings fixed the deficiency at $3,165, the interest thereon bringing the sum up to the amount demanded; that defendant received and accepted the above-described deed, and thereupon became obligated to pay plaintiffs the amount specified. Defendant disclaimed any acceptance of the deed with the assumption clause therein.

Upon the trial it appeared that defendant and one Bradbury entered into a written contract for the exchange of lands; the latter's real estate being located in Iowa and the former's property in Missouri. Both tracts were in-

---

cumbered, and by the terms of the written contract, entered into preliminary to the transfer, Bradbury was to assume the mortgage against the Missouri land, while the Iowa real estate was to be conveyed subject to the mortgage. Each party had five days in which to secure abstracts and prepare deeds. In drawing his deed Bradbury inserted the provision above quoted, delivering the deed to a real estate agent who represented defendant. This agent in turn delivered the deed to defendant, who at the time of the delivery did not examine the instrument, but put it in a desk, where it remained until the next day when he returned from a trip, which he was about to take when the deed was handed to him. Bradbury also gave defendant a note and mortgage for $1,500, an assignment of which was also delivered to the agent and by the agent turned over to the defendant.

Plaintiffs, residing in Iowa, appeared on the scene the day after the deed was executed, and made inquiry of the defendant concerning the deed and the assumption clause therein. Defendant at once notified plaintiffs that he did not accept the deed as drawn. The succeeding day he wrote Bradbury, calling his attention to the alleged erroneous insertion of the assumption clause in his deed, and asked for a new one, corresponding to the written agreement of the parties. Receiving no reply to his letter, he promptly called upon Bradbury in person and demanded of him a new deed without any assumption clause. Bradbury refused, claiming the written contract was contrary to the oral agreement; that he was unable to read without glasses, and that he signed the preliminary contract without knowing its terms; and that he was advised by defendant and his agent that the contract called for the defendant's assumption of this mortgage.

Plaintiffs represented to defendant that they were interested in a prospective sale of the land, and advised him that they could persuade Bradbury to execute a new deed. Upon this assurance they secured possession of the deed, giving defendant their agreement which read as follows:

"April 5, 1917.

"Received of E. R. Mickelberry warranty deed from * * * Edgar S. Bradbury and wife to E. R. Mickleberry, grantee, * * * with the express understanding that if I am unable to get the said Edgar S. Bradbury and wife to make a new deed or erase the grantee in the deed, which is E. R. Mickelberry, then all the above deeds are to be returned to E. R. Mickelberry within 5 days. And if I am able to get said change just referred to made, Mr. E. R. Mickelberry authorizes me to record the first two deeds above mentioned and is to return the Edgar S. Bradbury deed to the said E. R. Mickelberry within 5 days.                                                                          Harley Carter.      [Seal.]
                                                                                            "E. R. Mickleberry.  [Seal.]"

Plaintiffs did not secure a new deed from Bradbury, and contrary to their agreement recorded the deed containing the clause under consideration.

Both sides moved for a directed verdict, and both motions were denied. The jury returned a verdict in plaintiffs' favor for $250. Their motion for a new trial was denied, and the court entered judgment for the amount named in the verdict.

William Acton, of Danville, Ill., for plaintiffs in error.

H. M. Steely, of Danville, Ill., and Lott R. Herrick, of Farmer City, Ill., for defendant in error.

Before BAKER, EVANS, and PAGE, Circuit Judges.

EVANS, Circuit Judge (after stating the facts as above). Plaintiffs, if entitled to any judgment, were admittedly entitled to recover the full amount of their claim. There was no dispute over the amount due on the note. The judgment for the sum fixed by the jury was therefore clearly erroneous. A reversal necessarily follows, unless we accept defendant's contention that the record clearly shows a situation where his motion for a directed verdict should have been granted.

Plaintiffs' right to recover rests solely upon defendant's acceptance of the deed with its mortgage assumption clause. During the trial defendant's counsel asserted their reliance upon this position, and their pleadings are in harmony with no other theory. Obviously the presence of this assumption clause in the deed sent by Bradbury would not bind defendant, unless the defendant accepted the deed.

Upon this single issue of acceptance the record is unusually free from dispute. The deed was delivered by Bradbury to one D., a real estate agent, who represented defendant in the transaction, but who was clearly and admittedly without authority to accept a deed wherein defendant obligated himself to pay this large note and mortgage contrary to the terms of the written agreement. This was conceded upon the trial by plaintiffs' counsel, for, when certain testimony was offered, they made their position clear. The following colloquy took place:

Court: I don't know what this deed is, of course. If this deed is the one that is in dispute in this case, before the grantee would be bound by an assumption dictated by his agent, that agent must have had the same power to convey or to transact the business—

Mr. A.:. There is one exception to the general rule, and that is where the principal afterwards ratifies the act of the agent, and then it is equivalent to formal authority in the first instance.

Court: A subsequent ratification shown would render this competent, but not otherwise.

Mr. A.: Yes, sir; and that is what we offer to prove.

Court: Well, under that promise to the court, etc.; but it will be excluded if it does not come within the exception.

The deed was delivered by the agent to the defendant just as he was leaving the city on April 3d. Defendant placed it in his desk, without opening the envelope that contained it, and did not read it until his return the next evening. The following morning plaintiffs appeared upon the scene, and were told by defendant that he refused to accept the deed with the assumption clause therein. His letter to Bradbury, written on the same day, wherein he called attention to the mistake, and asserted his unwillingness to accept such a deed, and demanded a new one, followed by his personal visit, wherein the same position was announced and the same demand made, is entirely consistent with, and tends strongly to support, his claim that he did not and would not accept the deed. This testimony is undisputed. In fact, it is confirmed by the statement of Bradbury and both plaintiffs.

Nor is there a conflict upon this issue of acceptance arising out of Bradbury's statement that the prior agreement between himself and defendant was erroneously reduced to writing, and that on such occasion the defendant agreed to assume this indebtedness. While the written agreement contradicted this statement, it is quite immaterial to the issues in this case what the oral or the written agreement was, for plaintiffs have chosen to plant their action, not upon any prior oral agreement, but upon the assumption clause in the Bradbury deed and the acceptance thereof by defendant.

Nor have we ignored the urge of plaintiffs that the note and mortgage assigned by Bradbury at the time of the delivery of the deed were sold by the defendant and the proceeds thereof retained by him.

That this sale occurred before defendant discovered that the Bradbury deed contained the assumption clause is uncontradicted. It can therefore have no bearing upon the issue of acceptance of the deed. The record conclusively showing no acceptance of the Bradbury deed by defendant, the motion to direct a verdict in his favor should have been granted.

Inasmuch as defendant has, however, waived the error in the jury's verdict against him, the judgment is affirmed.