### BRADBURY v. CARTER et al.

(Circuit Court of Appeals, Seventh Circuit. June 18, 1923.)

No. 3191.

1. **Mortgages ⬅282(1)—Grantee assuming mortgage debt is personally liable therefor though grantor was not.**

Acceptance of a deed containing a provision that the grantee assumes and agrees to pay a mortgage debt on the premises conveyed binds him personally for such debt, though his grantor did not, in the deed to himself or otherwise, assume or agree to pay the mortgage debt.

2. **Judgment ⬅629—Recovery of deficiency judgment against one grantee assuming mortgage does not bar action against another.**

Where successive grantees of land in the deeds to them assumed and agreed to pay a mortgage debt on the premises conveyed, recovery of a

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

deficiency judgment against one does not bar an action against another, who was not a party, except to the extent that satisfaction of the debt was obtained through such judgment.

3. **Mortgages** ⬤⟶561—**Plea in action for deficiency held to state a defense on the ground of fraud.**

In an action by mortgagees to recover deficiency judgment against a grantee of mortgagors on his agreement to assume and pay the mortgage debt, a plea alleging that the mortgagors had in fact no interest in the property, but through collusion with mortgagees, who were the real owners, they accepted a conveyance at an exaggerated valuation and gave a mortgage back for far more than the market value of the property, and that pursuant to their plan they induced defendant to buy the property and assume the mortgage debt, *held* to state a defense on the ground of fraud.

In Error to the District Court of the United States for the Southern Division of the Southern District of Illinois.

Action at law by Harley Carter and F. W. McClain against Edgar S. Bradbury. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

Error on judgment for $3,612.09 against plaintiff in error.

The declaration avers that J. and L. Kaestner made to Carter and McClain (the defendants in error) a note for $8,355, secured by mortgage upon certain Iowa lands, and that the note and mortgage were for purchase money of the lands which were bought by Kaestners from Carter and McClain, that afterwards Kaestners deeded the lands to one Wise, subject to the mortgage, and that Wise conveyed them to Bradbury, the plaintiff in error (the deed to Bradbury providing that the conveyance is subject to the mortgage encumbrance, which the grantee assumes and agrees to pay); that afterwards, the mortgage note being due and unpaid, Carter and McClain foreclosed, and upon the foreclosure and sale there was a deficiency of $3,700, for which amount and interest this suit was brought against Bradbury.

Bradbury in his second amended plea avers that after the lands were deeded to him he deeded them to one Mickelberry, and that in the deed Mickelberry assumed and agreed to pay the same mortgage incumbrance; that afterwards in the District Court of the United States for the Eastern District of Illinois, Carter and McClaim sued Mickelberry for failing to pay the mortgage indebtedness in accordance with this provision in the deed to him, and that in such suit Carter and McClain obtained a judgment against Mickelberry for $250, which was afterwards affirmed by this court; and that by reason of these facts Carter and McClain are barred from maintaining this suit against Bradbury. Additional pleas, A, B, C, and E, state this defense in different ways.

The amended third plea avers that the mortgage note did not represent a bona fide transaction between the Kaestners and Carter and McClain; that to the knowledge of Carter and McClain, Kaestners were then insolvent, and that the note and mortgage transaction was in pursuance of a conspiracy between Kaestners and Carter and McClain to make it appear that the land in question had much larger value than its real worth, and that to that end a mortgage be given for very materially more than the real value of the land so that some person of financial responsibility might be thereby induced to believe that the land was worth far more than its market value and a deal be worked up whereby he would assume and pay the mortgage, and that in such transaction Kaestners would share with Carter and McClain the fruits of the conspiracy; that the transaction between Kaestners and Carter and McClain was not bona fide, but was contrived only to make it appear that the lands had far more than their real market value; that Carter and McClain and Kaestners arranged with one Wise to take a deed of the property subject to the

mortgage but containing no agreement to pay it, and that Wise was fraudulently to represent to Bradbury that the market value of the land was $20,000, which was very greatly in excess of its market value; and that Wise did so represent, and that Bradbury, by such false representations and by means of such device, was fraudulently induced to pay the equivalent of $20,000 for the lands worth not exceeding $5,000, assuming as part of the purchase price the mortgage, which he agreed to pay; that Wise paid nothing whatever for the lands, but was merely a tool or instrument for Carter and McClain and Kaestners in the carrying out of the plan to defraud Bradbury, who had never seen the lands.

Demurrer to the pleas was sustained by the court, and upon defendants electing to stand by them, he was defaulted for want of plea and judgment went against him.

Lott R. Herrick, of Farmer City, Ill., for plaintiff in error.

Thos. E. Gillespie, of Springfield, Ill., for defendants in error.

Before BAKER, ALSCHULER, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge (after stating the facts as above). [1] Conceding the general principle that any grantee of a mortgagor, who agrees to pay the mortgage debt, becomes liable therefor to the holder of the debt, it is contended for plaintiff in error that in no event can there be a recovery against him, because his grantor, Wise, did not in the deed to himself, or otherwise, assume or agree to pay the mortgage debt. There are jurisdictions, notably New York, which hold that the acceptance of a deed wherein it is specified that the grantee assumes and agrees to pay a mortgage indebtedness upon premises conveyed is ineffective to raise in the grantee the obligation to pay, unless his grantor was himself bound to pay it. Illinois and a number of other states hold otherwise. In Dean v. Walker, 107 Ill. 540, 47 Am. Rep. 467, it was said that such an agreement, upon a valid consideration, is a promise between promisor and promisee for the benefit of the holder of the mortgage debt who may maintain action. We think this is the correct rule, and that Bradbury's agreement to pay the mortgage debt as a part of the consideration for the conveyance to him will bind him to make good his undertaking even though his grantor Wise did not become liable to pay the mortgage debt.

[2] It is next contended that the amended plea 2, A, B, C, and D interposed valid defense to the action, in stating that Carter and McClain had theretofore sued Mickelberry upon his (Mickelberry's) assumption of payment of the same mortgage indebtedness in the deed to him from Bradbury, and that such suit resulted in judgment for $250 against Mickelberry, which was afterwards brought to this court by Carter and McClain on error, and here affirmed. Carter v. Mickelberry (C. C. A.) 263 Fed. 548.

To the extent, if at all, that Carter and McClain realized upon Mickelberry's promise to pay their obligation, they could not, of course, again recover against Bradbury, since both promises had reference to the same mortgage debt. The pleas, however, do not aver any state of facts from which it would follow that Mickelberry had in fact discharged the obligation to Carter and McClain (except perhaps as to $250 thereof, for which the recovery was had); and we cannot assume that this was the fact. Just how it was that on an apparent ob-

ligation for upwards of $3,000 there was a recovery for only $250 does not appear. From the opinion rendered here this court evidently considered that there was no evidence to show that Mickelberry ever accepted the deed to him from Bradbury, or ever agreed to pay the mortgage debt, and affirmed the judgment for $250 because of waiver by the defendant there of the error in permitting case to go to the jury at all.

Bradbury was no party to the Mickelberry suit, and was not bound by it, and can have no advantage of it except to the extent of whatever Carter and McClain actually realized through it.

[3] The third amended plea sets up a state of facts upon which, in our judgment, a charge of actionable fraud may be predicated. It is true mere exaggeration of value does not ordinarily constitute fraud. But where, apart from the exaggerations, devices are resorted to for the purpose of unduly influencing the mind of a prospective purchaser, such may constitute active fraud wherefor relief will be accorded to one injured thereby. The plea sets forth that the mortgagors had no real interest in the property, but that a plan was contrived with the then owners to take title from them, giving them back the mortgage which was far in excess of the market value of the property, and then a deed would be made to some person who would assume payment of the mortgage, and that in this way should make it appear through such sham transactions that the property had value far in excess of its real worth, and by means of this induce some person to pay an unconscionable price, which it is charged was the case here. If by such fraudulent means Bradbury was in fact defrauded, he should not in this action, brought by the very persons the plea charges to have been the instigators of the fraud, be prevented from showing it in his defense against an action for the recovery of what, under the plea, would be the very fruit of the alleged fraud.

We are of opinion that demurrer to this plea was improperly sustained, and that for this reason the judgment should be reversed and the cause remanded for a new trial.

Reversed and remanded.