WILLIAM HARBERG, Executor, etc., Appellant, v. H. CLAY
ARNOLD, Respondent.

**Kansas City Court of Appeals, January 16, 1899.**

Contracts: PROMISE FOR THE BENEFIT OF THIRD PARTY: PRIVITY: ACTION:
SUCCESSIVE GRANTEES. While an action may be maintained by a
third party on the promise of one to another for the benefit of such
third party, yet there must be a debt or duty owing by the promisee
to the third party; and so where one in a chain of successive gran-
tees of mortgaged real estate has failed in the deed he accepted to
assume the mortgage debt but in his deed requires his grantee to
assume the debt, an indorsee of the mortgaged note can not maintain
an action on the note against such last grantee.

*Appeal from the Jackson Circuit Court.*—HON. J. W.
HENRY, Judge.

AFFIRMED.

GRANT I. ROSENZWEIG for appellant.

After Arnold made the deed to Mrs. Lovitt, conveying
the same property and in which he recited over his own sig-
nature and recognized the existence of our note, then same
was proof that Arnold had accepted the deed by which he
acquired this property, and was at least an admission of (if
not estoppel to deny) the existence and validity of our note.
Indeed, we can not imagine that this proposition will be
controverted, and hence append only a few direct authori-
ties. Wilcoxon v. Osborn, 77 Mo. 621 (overruling 12 Mo.
238); Fitzgerald v. Barker, 85 Mo. 13; Hasenritter v.
Kirchhoffer, 79 Mo. 239; Klein v. Isaacs, 8 Mo. App. 568;

Kennedy v. Siemers, 120 Mo. 73; Heim v. Vogel, 69 Mo. 529.

WASH ADAMS and R. H. FIELD for respondent.

Since the decision of the circuit court in this case, the supreme court has decided that a mortgagee has no enforcible claim against a remote grantee of the mortgaged property, though the deed to the remote grantee recites that he assumed and agreed to pay the mortgage debt, where the grantor of the remote grantee took the property subject to the mortgage debt, but was in no way personally liable therefor. The reason given for the decision is that in such case the assumption and agreement is *nudum pactum* as between the remote grantee and the holder of the mortgage debt. Hicks v. Hamilton, 144 Mo. 495.

ELLISON, J.—This is an action seeking to charge defendant with the payment of a promissory note which it is alleged he assumed and undertook to pay. The judgment in the trial court was for defendant.

The point decisive of this case renders it only necessary to state the following facts: The note in question was given for a part of the purchase price of certain real estate and was secured by deed of trust on the realty conveyed. The property was sold from to another until finally it was conveyed to one T. C. Alexander. In the deed to Alexander there was no clause whereby he did, or was to assume the note. Alexander then sold and conveyed to the defendant in which deed it was recited that the defendant assumed and agreed to pay the note in controversy. Plaintiff's intestate is the holder of the note by successive indorsements from the original holder, and he relies, to sustain this action, on the ground that the promise made by defendant to

Alexander in accepting the deed aforesaid inures to the benefit of his intestate. The rule as now seems to be settled in this state is that while an action may be maintained by a third party on the promise of one to another for the benefit of such third party, yet there must be a debt or duty owing by the promisee to the third party. Ins. Co. v. Trenton, 42 Mo. App. 118; Howsmon v. Trenton, 119 Mo. 304; St. Louis v. Von Phul, 133 Mo. 561; Hicks v. Hamilton, 144 Mo. 495; Devers v. Howard, 144 Mo. 671; Street v. Goodale, Barger & Co,. 77 Mo. App. 318.

CONTRACTS: promise for the benefit of third party: privity: action: successive grantees.

In the case before us Alexander is the promisee, defendant having made the promise to him. But Alexander had not assumed the payment of the note in the deed conveying to him the property. He was under no obligation, legal or equitable, to pay the note to the holder, this plaintiff's intestate. So, therefore, under the rule aforesaid, the plaintiff can not recover.

But it is urged upon our attention that defendant's agreement to pay the note in controversy was a part of the purchase price of the land he bought of Alexander, and that if he prevails in this action he gets the land without paying the price. This was no concern of plaintiff's intestate. The promise was not made to her and she can not come into a controversy exclusively between others. The obligation was with Alexander and not with her, and he did not owe her anything. It was necessary, as we have seen, in order to establish such a privity as would let her claim the promise to another that that other should have owed her something.

The judgment will be affirmed. All concur.