EDWARD HAWES, Respondent, v. JOHN MULHOLLAND, Appellant.

Kansas City Court of Appeals, February 6, 1899.

1. **Bills and Notes**: TITLE: PLEADING: PETITION. An allegation that before maturity the note in suit was indorsed and transferred to this plaintiff for valuable consideration and he was the owner and holder at maturity, is a sufficient allegation of title in plaintiff.

2. ———: MORTGAGE: SEPARATE INSTRUMENTS. A note and a mortgage to secure the same are so far separate instruments that the latter may not be used to qualify or change the express terms of the former; and an action may be maintained on the note regardless of the mortgage notwithstanding the former refers to the latter as being a part thereof.

3. ———: EVIDENCE: INDORSEMENT. Plaintiff's testimony that the note was indorsed, transferred and delivered to him makes a *prima facie* case and uncontradicted warrants a peremptory instruction for the plaintiff.

4. ———: INDORSEMENT: ASSIGNMENT. An assignee of an indorsee of a note stands in the shoes of such indorsee and has all his remedies against the maker regardless of equities between the original parties.

*Appeal from the Jackson Circuit Court.*—HON. E. P. GATES, Judge.

AFFIRMED.

KARNES, HOLMES & KRAUTHOFF and F. W. GRIFFIN for appellant.

(1)   The petition alleges that the instrument sued on was indorsed by the payee "and transferred to this plaintiff," and that the plaintiff is now "the owner and holder" thereof. There is no allegation that the payee or then holder transferred the same to the plaintiff, nor is it stated by whom such transfer was made. The general allegation of ownership is a mere conclusion, and of no efficacy unless the facts stated show a title from some one authorized to make the same.

White v. Brown, 14 How. Pr. 282, 286; Bank v. Donnell, 35 Mo. 373; Bank v. Pennington, 42 Mo. App. 355; Hadden v. Rodkey, 17 Kan. 429, 431. (2) The instrument sued on refers to "the terms of the mortgage given to secure the same which is made a part thereof," and the time of payment, and the maturity of the obligation is dependent upon what these terms are. The plaintiff was allowed a recovery on a written contract, only part of which was pleaded or filed with the petition or introduced in evidence. This was grievously erroneous. Titlow v. Hubbard, 63 Ind. 6, 8; Railway v. Atkison, 17 Mo. App. 484, 494; Bank v. Morris, 114 Mo. 255, 261; 1 Daniel, Neg. Instr. [4 Ed.], sec. 156; 1 May, Insurance [3 Ed.], secs. 29, 299. McClelland v. Railroad, 110 N. Y. 469, 473; Short, Railway Bonds and Mortgages, sec. 22. (3) The instrument sued on is payable to the Patrick Land Company. The answer puts in issue the alleged indorsement and transfer by that company. Worrell v. Roberts, 58 Mo. App. 197, 198. There is no evidence of the genuineness of the purported signature of that company nor of the vice-president's authority to act on its behalf. Spicer v. Simon, 23 Mich. 96, 98, 99. "An indorsement or assignment itself, unsupported by evidence *aliunde,* is not sufficient." Bank v. Pennington, 42 Mo. App. 355, 356; Mayer v. Old, 51 Mo. App. 214, 217; Robinson v. Powers, 63 Mo. App. 290. (4) The reasons given in Owings v. McKenzie, 133 Mo. 323, 334-337, for the conclusion there announced, establish that such a clause as is found in the instrument sued on has the effect to negative the negotiable character of the latter; it is a courier with luggage; its own face is no longer its passport; it is not payable unconditionally, but as its maturity may depend upon a contingency, the fatal element of uncertainty, in a commercial sense, has been introduced. Chouteau v. Allen, 70 Mo. 290, 339; Post v. Kinzua R. Co., 171 Pa. St. 615; Parker v. Bank, 27 S. W. Rep. 1071; Walker v. Thompson, 108 Mich. 686, and cases cited. (5) According to the plaintiff's own testimony, he claims title

under the Vermont Investment Company. He holds by virtue of the transfer from that company or not at all. That transfer is both in terms and in legal effect an assignment as distinguished from an indorsement under the law merchant. The rules of this code in respect to innocent holders are available only where the party has taken title according to the usual practice of merchants; and in such case as this, the plaintiff must appear to have acquired the instrument under what is known as an indorsement in the commercial world. Brooks v. Edson, 9 Vt. 351, 356; Lyons v. Divelbis, 22 Pa. St. 185, 189; 2 Rand. Com. Paper, sec. 989; 1 Dan'l, Neg. Inst. [4 Ed.], sec. 736a; Aniba v. Yeomans, 39 Mich. 171; May v. Dyer, 57 Ark. 441, 443; Scott v. McDougall, 14 La. 309, 310; Story, Prom. Notes, sec. 120; Tiedeman, Com. Paper, sec. 247, p. 408; 1 Edwards, Bills, etc., sec. 404; Hull v. Swarthout, 29 Mich. 249, 253; Burnam v. Bank, 92 Wis. 277; Whistler v. Forster, 14 C. B. N. S. 248, 257-258; Merrian v. Bank, 8 Gray, 254, 259; Hedges v. Sealey, 9 Barb. 214, 217, 218; Patterson v. Cave, 61 Mo. 439, 441; Quigley v. Bank, 80 Mo. 289, 295, 296; Weber v. Orten, 91 Mo. 677; 680: "This rule of commercial law is firmly established." Bank v. Packing Co., 4 Mo. App. 200, 211; affirmed 70 Mo. 643; Osgood v. Artt, 17 Fed. Rep. 575, 577, 578; Trust Co. v. Bank, 101 U. S. 68, 71; Bank v. Walker, 2 McCrary, 565, 569; s. c., 5 Fed. Rep. 399, 402-403; Hatch v. Barret, 34 Kan. 223; De Hass v. Roberts, 59 Fed. Rep. 853, 856; Hale v. Hitchcock, 3 Kan. App. 23; Fox v. Cipra, 5 Kan. App. 312, 316; Bank v. Moore, 5 Kan. App. 362, 364.

GILL, J.—This is a suit on a note or bond for $500 executed by defendant and payable in terms to the Patrick Land Company of Omaha, Nebraska. On the back of the note appears the blank indorsement of said payee, as also the written assignment and guarantee of the Vermont Investment Company made to the plaintiff; and the latter sues

to recover on the ground that he is the owner of the note by virtue of said indorsement and assignment before maturity. In his answer, defendant admits the execution of the instrument, but denies the other allegations of the petition and sets up want of consideration in executing the note of which it is alleged plaintiff had knowledge at the date of his purchase. In the evidence there is nothing even tending in the slightest degree to assail the good faith title of the plaintiff. It is shown without dispute that he purchased the paper before due, paid therefor its full face value, and had no knowledge or suspicion that there was any want of consideration in its execution.

At the close of the evidence the court gave a peremptory instruction in plaintiff's favor, and from a verdict and judgment accordingly defendant has appealed.

I.   The first objection is that the petition does not *"sufficiently"* allege plaintiff's title to the instrument sued on.   There is no merit in this point.   After setting out the making of the instrument to The Patrick Land Company of Omaha, the petition alleges "that before the maturity of said bond or note, it was indorsed by said Patrick Land Company and transferred to this plaintiff for a good and valuable consideration, and that this plaintiff was the owner and holder of the same at its maturity," etc.   This was sufficient to show title in the plaintiff.   If the note was indorsed by the payee and then for value delivered or transferred to the plaintiff, he had, undoubtedly, a good title.   A mere possession of a negotiable instrument indorsed by the payee, imparts, *prima facie,* good title in the holder.   Bank v. Stanley, 46 Mo. App. 440.   The cases cited by defendant's counsel do not sustain their contention.   The very pith of the decision in Bank v. Donnell, 35 Mo. 373 (relied on by defendant) was that the petition contained "no averment of

BILLS and notes: title: pleading: petition.

Hawes v. Mulholland.

the indorsement and delivery of the note," while here we have the allegation wanting in that case.

11.   It is next contended, that, because the note refers in terms, to a "mortgage given to secure the same *which is made a part hereof,*" said mortgage and note are parts of one entire and inseparable contract, and that plaintiff must sue and recover, if at all, on the two combined.   In this case the mortgage was not introduced in evidence, and the plaintiff claimed the right to treat the note as a contract complete and independent of the mortgage.

——: mortgage: separate instruments.

The question here presented is settled and put at rest by the decision of our supreme court in the late case of Owings v. McKenzie, 133 Mo. 323.   It was there in effect held—reversing Noel v. Gaines, 68 Mo. 689—that a note and mortgage executed contemporaneously (the latter given to secure the former) are not to be so far regarded as parts of one contract, that the latter may be used to qualify or change the express terms of the former.   "They are," says the court, "separate instruments in form, and executed for different purposes, to different parties, affecting different subjects—one an absolute promise on the part of the maker to pay a given sum of money in a given time and subject to enforcement, independent of, and it might be said in disregard of, the other; the other is a conditional instrument, that may or may not be executed for any purpose and is rendered lifeless by the execution of the promise of the former.   The money obligated to be paid by the notes is the substance and the life of the transaction, the deed of trust securing it is but an incident.   The note is governed by the law merchant, the deed of trust by the law effecting real property.   We do not controvert the proposition that when instruments are executed at the same time, for the same purpose, and in course of the same transaction, they are to be considered as one instrument, and are to be read and construed together as such, but

we think the doctrine can not be said to apply to instruments of the kind and character now under consideration, so that the conditional provisions of one shall diminish, control and destroy the absolute provisions of the other."

And as was stated in that case, so it may be said here, that the holder of a note secured by mortgage executed at the same time, may, regardless of the mortgage, maintain an ordinary action against the persons who signed or indorsed such notes. Since the decision of Owings v. McKenzie, *supra,* it seems the dissenting opinion of Judge Hough in Noel v. Gaines, may be considered a fair exposition of the law. The learned dissenting judge has, beginning at page 657 (68 Mo.) fully and fairly discussed and declared the true rule in such cases. Among other things he says: "A note and mortgage (executed contemporaneously) do not constitute a single contract. They are separate instruments, executed for different purposes and differ in nature. * * * If the holder of a negotiable note, secured thereby, chooses to disregard or abandon the mortgage security, undoubtedly he may do so, and the note will be enforced according to its terms, and the law of negotiable paper."

We attach no importance to the peculiar language of the note here in suit wherein the mortgage is referred to in the note as being a *"part thereof."* In that the mortgage was intended as a security for the note, it may be considered a part of the transaction. But we think it was not intended by this reference to incorporate the entire mortgage into and thereby destroy the note as a separate negotiable instrument.

III. The objection contained in the third sub-division of defendant's brief, to the effect that plaintiff failed to prove the payee's indorsement and transfer of the note is fully met and overcome by the record. In his deposition the plaintiff testified, "that said note or bond, and the interest coupons thereto attached, were indorsed by said Patrick Land Company and

——: evidence: indorsement.

the same were then and there transferred and delivered to him, said Hawes, and he has ever since held and owned the same." This testimony is uncontradicted and stands unimpeached by fact or circumstance. The witness testifies to the main fact, and if defendant had any doubt as to the correctness of his statement he should have cross-examined the witness in relation to the matter or have introduced other evidence in denial.

IV. It is next contended that plaintiff is only an ordinary *assignee* of a chose in action and not an indorsee under the law merchant, and therefore can not invoke that protection awarded to a holder of negotiable paper indorsed for value before due. This contention arises out of the court's refusal of defendant's offer to prove that the note was without consideration as between him and the payee. As already stated, the note was indorsed in blank by the payee, Patrick Land Company, and then written on the back of the note appears the following: "For value received the Vermont Investment Company hereby assigns the within note to Edward Hawes, of Burlington, Vermont, and hereby guarantees the payment" of the same, etc. * * * Signed, "The Vermont Investment Company."

The proof is that both of these indorsements were made prior to the maturity of the note. In other words, it appears that the Vermont Company acquired the paper before due from the original payee, Patrick Land Company, of Omaha, who indorsed same in blank, and then the Vermont Company transferred it to plaintiff, writing on the back of the note the above quoted assignment and guaranty. While now it is perhaps true that the written assignment made by the Vermont Company is not to be treated as a technical *indorsement* under the law merchant, it yet had the effect of transferring to the plaintiff all the interest that the Vermont company had in the note, and *it* (said Vermont company)

<!-- marginal note: —: indorsement; assignment. -->

had the undoubted right to go onto the maker for the payment thereof regardless of any equities existing between the original parties. The plaintiff then claims not only under the assignment from the Vermont company but also under the blank indorsement made by the payee. In this respect the plaintiff takes the place of, and becomes entitled to whatever rights the first indorsee had, and that was the rights of an indorsee for value before maturity. Plaintiff purchased the note with the payee's blank indorsement, which had the effect to make it the same as a note payable to bearer, and the title thereof passed by mere delivery. Story on Prom. Notes, sec. 138; 2 Randolph, Com. Paper, sec. 705; Bank v. Stanley, *supra*.

The trial court did not err in directing a verdict for plaintiff. The facts were practically undisputed. The plaintiff's case was made by the pleadings, the bond with indorsements thereon and plaintiff's deposition. In taking the latter defendant declined to even cross-examine the witness or in any way question or contradict a single statement made by him. In fact defendant seems to have conceded as true everything testified to by the plaintiff. We do not think then that the case in hand comes within the control of Gannon v. Laclede Gas Co., 46 S. W. Rep. 968, but more nearly resembles Wolff v. Campbell, 110 Mo. 114.

On the undisputed facts the judgment herein is for the right party and will be affirmed. All concur.