[No. 14460.   Department Two.   March 22, 1918.]

HARRIET E. CORKRELL, *Respondent,* v. JAMES F. POE *et al., Appellants.*[1]

MORTGAGES—ASSUMPTION OF DEBT—EXTENSION OF TIME—VALIDITY. Where a mortgagor, on conveying property, assumed and agreed to pay the mortgage, he would not be relieved from personal liability by an agent's extension of time for payment of the mortgage, if the same was given to the grantee unauthorized by him, as it was not a valid extension.

SAME—TRANSFER OF PROPERTY—ASSUMPTION OF DEBT—EVIDENCE— SUFFICIENCY. An agreement by a grantee to assume and pay a mortgage is sustained by evidence of an instrument of record correcting the deed in that respect, and by evidence of a witness that such was the agreement.

SAME — TRANSFER OF PROPERTY — ASSUMPTION OF DEBT — REMOTE GRANTEE—LIABILITY. A grantee of mortgaged premises who assumes and agrees to pay the mortgage debt is liable for a deficiency judgment, although his immediate grantor, a grantee from the mortgagor, had not assumed the mortgage and was not liable thereon.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered December 14, 1916, upon findings in favor of the plaintiff, in an action to foreclose a mortgage, tried to the court.   Affirmed.

*Williamson, Williamson & Freeman,* for appellant Poe.

*M. J. Gordon* and *Wesley Lloyd,* for appellants Burke *et al.*

*E. D. Hodge,* for respondent.

[1] Reported in 171 Pac. 522.

HOLCOMB, J.—Respondent sued to foreclose a mortgage given by appellant Poe upon forty-four lots in Tacoma on December 15, 1909, for the sum of $2,500, with interest as stipulated remaining unpaid, and for deficiency judgment against appellant Poe and appellants Burke and wife, who are subsequent and remote grantees of Poe.

I. On December 27, 1909, Poe sold and conveyed the mortgaged premises to the Robert Wingate Estate, a corporation, and covenanted in his deed that he would assume and pay the mortgage theretofore given by him to respondent. On August 6, 1915, the Robert Wingate Estate sold and conveyed the mortgaged premises to appellant Burke, with general covenants of warranty. The deed did not contain an agreement made between Burke and his grantor, the Wingate Estate, that the covenant of warranty should apply as against the mortgage, and thereafter, in order to cover that matter, at the request of an agent of the Wingate Estate, Burke, on August 28, 1914, executed an instrument prepared by the agent, reciting that, for the purpose of correcting the deed to him and for the further consideration of one dollar, "the said George B. Burke hereby assumes and agrees to pay the mortgage."

In her complaint, respondent alleged that, subsequent to the execution and delivery of the mortgage, on or about December 15, 1913, she and appellant Poe agreed upon an extension of the time of payment of the note and mortgage to December 15, 1916, subject to the terms and conditions thereof, etc. This allegation appellant Poe denied in his answer and, at the trial, contended that the extension made by respondent was not made to and with him, but to and with the Robert Wingate Estate, the then record owner of the premises, and that such extension of the mortgage

operated in law to release appellant Poe from any further liability thereunder.

As to the extension, the court found that it was not a valid extension of the mortgage, and therefore rendered judgment for the deficiency against appellant Poe. Respondent testified that, at the time the extension was made, the request therefor was made by Opie & Company, who had always sent the interest on the mortgage from the time that the premises were mortgaged by Poe, and she supposed that Opie & Company acted for Poe; that, when the request for an extension of time was made, she believed that it was made on behalf of Poe, and that, in granting it, she granted it to Poe. The instrument sent her for execution to extend the time of the notes and mortgage did not disclose the name of the grantee to whom the extension was granted, but provided as follows: "This is an extension of the above mortgage until the 15th day of December, 1916, interest to be paid semi-annually and all conditions of the mortgage as recorded above to be complied with by the mortgagor." Poe was certainly the mortgagor.

But appellant Poe contends that, since the deed from him to Wingate Estate, made twelve days after the mortgage by Poe to respondent, was duly filed of record, and that the statute (Rem. Code, § 8781) provides that deeds so filed shall be notice to all the world, therefore respondent was bound to take notice, even though notice was constructive only, that Poe had conveyed the land to the Wingate Estate, and that any extension of the mortgage upon the premises was necessarily granted to the Wingate Estate. This, however, does not take into consideration the express terms of the deed of Poe to the Wingate Estate, which contained the express covenant that he still assumed and agreed to pay the mortgage. The Wingate Estate did not take

his place as mortgagor, and he did not stand in the comparable relation of a surety for his grantee as most of the authorities consider such situation. If respondent took notice of the deed as recorded, she, at the same time, took notice that Poe was still the only mortgagor and bound himself anew to satisfy the debt and mortgage. Respondent had no actual notice of the transfer of the premises from Poe to another grantee until 1915, when it had been conveyed to appellant Burke. Therefore, under the notice of record by the deed to the Wingate Estate that Poe still assumed the mortgage, and her belief that the extension was asked in behalf of Poe, when the extension was granted, if it was not in fact granted to Poe, it was not a valid extension and the court was right in thus dealing with the contention of appellant Poe. His position had to be like that of a surety for his grantee who assumed his primary obligation, in order to be released by a valid extension of the mortgage to his grantee unauthorized by him. He would, therefore, still be personally liable upon the notes and mortgage, and the deficiency judgment against him was proper.

II. Appellants Burke contend, (1) that they did not assume and agree to pay the mortgage, and (2) that, had they assumed and agreed to pay the mortgage, in view of the fact that the Wingate Estate, their immediate grantor, was not liable to a deficiency judgment and had not assumed and agreed to pay the mortgage, they would not be liable to a deficiency judgment.

As to the first of these contentions, the court found that they did assume and agree to pay the mortgage. This finding is sustained by the instrument of record, purporting to be an instrument correcting the deed from the Wingate Estate to Burke in which he agreed in writing, on August 28, 1914, that the deed was incorrect and that it should have provided that he as-

sumed and agreed to pay the mortgage and that it should be so corrected; and by further testimony on the part of the agent of the Wingate Estate, although controverted by Burke, to the effect that it was agreed between the Wingate Estate and Burke that he should assume and agree to pay the mortgage on the premises. The finding is thus amply sustained.

The remaining question then to be determined is, The Wingate Estate not having been liable for any deficiency judgment because of not having assumed and agreed to pay the mortgage, would its grantee, the remote grantee of the mortgagor, be liable to a deficiency judgment?

There is a line of decisions holding that the grantee of mortgaged premises, who purchases subject to a mortgage which he assumes and agrees to pay, is not liable for a deficiency arising on foreclosure unless his immediate grantor is also liable; the basis for which ruling is the principle that, where the grantor is liable for the mortgage indebtedness and the deed under which he conveys contains an assumption clause, the grantee becomes the principal debtor by virtue of the agreement, and the grantor occupies the situation of a mere surety for him as to the payment of the mortgage indebtedness, and since the grantor was not himself liable, the relation of principal debtor and surety between the grantor and grantee would not exist and no deficiency judgment could be had. That view is sustained by the following principal cases: *King v. Whitely,* 10 Paige Ch. (N. Y.) 465; *Vrooman v. Turner,* 69 N. Y. 280, 25 Am. Rep. 195; *Mount v. Van Ness,* 33 N. J. Eq. 262; *Biddle v. Pugh,* 59 N. J. Eq. 480, 45 Atl. 626; *Crowell v. Hospital of St. Barnabas,* 27 N. J. Eq. 650; *Ward v. De Oca,* 120 Cal. 102, 52 Pac. 130; *Young Men's Christian Ass'n of Portland v. Croft,* 34 Ore. 106, 55 Pac. 439.

In *Hicks v. Hamilton,* 144 Mo. 495, 46 S. W. 432, 66 Am. St. 431, that principle was also followed. But later, in *Crone v. Stinde,* 156 Mo. 262, 55 S. W. 863, 56 S. W. 907, the *Hicks* case was expressly overruled. In the *Crone* case, the opinion declared that the view therein expressed was in line with the great weight of authority and supported by the better reasoning. Some of the cases cited are put upon the ground that a third party cannot sue upon the agreement made between two other persons for his benefit. But we have taken a different view as to that matter, and in *Gilmore v. Skookum Box Factory,* 20 Wash. 703, 56 Pac. 934, adopted the principle that the beneficiary of a new promise made between two other parties for his benefit, creating a liability on the part of the promisor to pay the beneficiary of the promise in any event and irrespective of any debt due from the promisor to such beneficiary, can maintain such action and recover.

In *Dean v. Walker,* 107 Ill. 540, 47 Am. Rep. 467, the supreme court of Illinois said that the New York cases heretofore mentioned, and others following them, were predicated upon the principle that, where the grantor is liable for the mortgage indebtedness and the deed under which he conveys contains an assumption clause, the grantee becomes the principal debtor by virtue of the agreement, and the grantor occupies the situation of a mere surety for him as to the payment of the mortgage indebtedness. The supreme court of Illinois, however, did not approve of the application of the principle adopted by the New York and other courts, but adhered to the principle that, where one person makes a promise to another based upon but one consideration for the benefit of a third person, such third person may maintain an action upon it. The Colorado supreme court has adhered to the same doctrine and, in *Cobb v. Fishel,* 15 Colo. App. 384, 62 Pac. 625, held that there

was no difference whether the grantor is himself obligated or not, as both promises are based upon a consideration, in the one case there being a manifest consideration, and in the other it being a mere matter of deduction and proof, the legal presumption being that the amount assumed is but a portion of the purchase price of the property.

The identical question was passed upon, and a most instructive opinion written, in *McDonald v. Finseth,* 32 N. D. 400, 155 N. W. 863. In that case the court held that the grantee of the mortgaged premises, who purchases subject to a mortgage which he assumes and agrees to pay for a deficiency arising on a foreclosure and sale, will be held liable even though his grantor is not personally liable for the payment of the mortgage. The authorities for and against this proposition were there collated and reviewed, and we think the better reasoning sustains the principle there adopted. We have ourselves held, in *Harbican v. Chamberlin,* 82 Wash. 556, 144 Pac. 717, that the deed, in which it is affirmatively found that the grantee expressly assumed the mortgage, imports a consideration, affirming the decision of the lower court granting a deficiency judgment. As was said in *McDonald v. Finseth, supra,* we must assume that the amount assumed by the remote grantee was deducted from the purchase price of the land.

We feel that reason and principle sustain the proposition that a remote grantee should be held liable under an assumption of another's debt and mortgage upon the conveyance of premises. See, also, in addition to the cases heretofore cited, the following: *Harberg v. Arnold,* 78 Mo. App. 237; *Heim v. Vogel,* 69 Mo. 529; *Birke v. Abbott,* 103 Ind. 1, 1 N. E. 485, 53 Am. Rep. 474; *Hare v. Murphy,* 45 Neb. 809, 64 N. W. 211, 29 L. R. A. 851; *McKay v. Ward,* 20 Utah 149, 57 Pac. 1024,

46 L. R. A. 623; *Marble Sav. Bank v. Mesarvey,* 101 Iowa 285, 70 N. W. 198; *Merriman v. Moore,* 90 Pa. St. 78; *Enos v. Sanger,* 96 Wis. 150, 70 N. W. 1069, 65 Am. St. 38, 37 L. R. A. 862; *Bay v. Williams,* 112 Ill. 91, 54 Am. Rep. 209.

From the foregoing considerations, the decree of the lower court is in all respects affirmed.

MOUNT and CHADWICK, JJ., concur.