A. T. TRIMBLE, RESPONDENT, v. W. S. EDWARDS ET AL., WILLIAM HOLLOWAY, APPELLANTS.*

In the Springfield Court of Appeals. Opinion filed March 2, 1926.

**1.—Trial—Questions of Fact—Documentary Evidence—Jury—Construction by Court.** The rule that all questions of fact, in suits at law, must finally and conclusively be determined by the jury, although the evidence be con-

clusive and uncontradicted, applies to oral testimony of witnesses, but is not applicable to documentary evidence which requires the court to determine its construction and import.

**2.—Mortgages—Deeds of Trust—Grantee Assuming Mortgage Debt—Grantee Liable Even Though Grantor Not Liable—Contract for Benefit of Third Party.** Where the grantee in a deed of real estate accepts such deed containing a stipulation by which he assumes and agrees to pay a mortgage debt against the property, the holder and owner of such mortgage debt is entitled to sue and recover judgment for same against such grantee, although his immediate grantor was under no obligation either legal or equitable to pay such debt, under rule which permits a third person to enforce a contract made for his benefit by others.

**3.—Mortgages—Deeds of Trust.** Whether mortgage debt assumed by grantee was same as note sued on need not be submitted to jury, where there was no evidence that any other note of like amount existed as a lien again the property.

---

*Corpus Juris-Cyc. References: Mortgages, 41CJ, p. 743, n. 90; p. 747, n. 47; p. 751, n. 89. Trial, 38Cyc, p. 1516, n. 57, 58; p. 1518, n. 69; p. 1521, n. 83; p. 1522, n. 1.

Appeal from the Circuit Court of New Madrid County.—Hon. Henry C. Riley, Judge.

AFFIRMED.

*J. M. Haw*, of Charleston, for appellant.

All of the assignments of errors except that relating to the instruction offered by respondent at the close of all the evidence and requesting the court to direct a verdict in his favor resolve themselves into one proposition, and that is that appellant was entitled to have the question of whether or not the note sued on was the same note that was referred to in the deed from the bonds to appellant. The brief will, therefore, be confined to that one question without waiving the proposition that the instruction in the nature of a demurrer to the evidence should have been sustained. Respondent had a right to have this issue submitted to a jury. Ganon v. Gas Company, 145 502, 515-519; Lafferty v. K. C. Casualty Co., 229 S. W. 750, 753; Quint v. Clothing Co., 233 S. W. 92, 95; Foster v. Life Insurance Co., 233 S. W. 499, 500. Where a peremptory instruction is given on appeal the facts must be construed most favorably to the adverse party. Midwest B. & T. Co. v. Parker Corn Co., 245 S. W. 217.

*Wammack & Welborn*, of Bloomfield, for respondent.

(1) By accepting conveyance to the land under a deed reciting that he assumed the payment of the note, the defendant William Holloway became liable to plaintiff for the payment of said note. Fitz-

220 M. A.—11.

gerald v. Barker, 70 Mo. 687; Wonderly v. Giessler, 118 Mo. App. 708; Bensieck v. Cook, 110 Mo. 185; Wayman v. Jones, 58 Mo. App. 313; Curry v. Lafon, 133 Mo. App. 174; Crone v. Stinde, 156 Mo. 262. (2) The record testimony in this case shows a legal liability of defendant Holloway to pay the note sued on, and under such circumstances it is the duty of the trial court to direct a verdict for the plaintiff. Crone v. Stinde, 156 Mo. 262; Hawes v. Mulholland, 78 Mo. App. 500; Wolf v. Campbell, 110 Mo. 120; Stephens v. Barber Supply Co., 67 Mo. App. 590; Cleveland Land Co. v. Ross, 36 S. W. 216; Neet v. Telegraph Co., 170 Mo. App. 609; Downs v. Horton, 230 S. W. 103.

BAILEY, J.—Plaintiff sued defendants W. S. Edwards, Frank Ashby and William Holloway for the balance due on a promissory note originally secured by a deed of trust on real estate foreclosed prior to the commencement of this action. The trial court directed a verdict for plaintiff against defendants W. S. Edwards and William Holloway, but left to the jury the question of defendant Frank Ashby's liability. The jury accordingly returned a verdict in favor of plaintiff and against defendants Edwards and Holloway in the sum of $3097.52, but found the issues for defendant Ashby. From the judgment based on this verdict, defendant William Holloway has appealed to this court.

There is no question raised as to the pleadings. The facts adduced show that on the 23rd day of May, 1919, defendant W. S. Edwards executed and delivered to plaintiff his promissory note by which he promised to pay plaintiff the sum of $2300; said note being secured by a deed of trust on certain real estate situate in New Madrid county, Missouri, of which defendant was then the owner. This deed of trust was subject to a prior deed of trust securing a note in the sum of $1000. W. S. Edwards obtained title to this land from A. P. Trimble May 1st, 1919. Edwards then conveyed this land to Ashby, subject to both trust deeds. Ashby conveyed to Captoley Richardson, who "assumed the payment of a note for $2300, payable to W. S. Edwards." Richardson, conveyed to Ashby who also assumed payment of a $2300 note payable to W. S. Edwards (there evidently was no such note); Ashby conveyed to Bend, who assumed the payment of both notes. Bond then conveyed this real estate to defendant, William Holloway. This deed was dated May 5, 1920, and recites a consideration of $6000. Immediately after the description of the real estate, the deed contains the following clause: "The grantee assumes the payment of two notes now existing as a lien on said property. One of said notes being for Twenty-three hundred dollars ($2300) and one being for $1000, with interest thereon at the rate of six per cent, from date of this deed." The first deed of

trust, securing the $1000 note, was foreclosed and plaintiff became the purchaser thereof. A small surplus from the purchase price was credited on the $2300 note. All the deeds, deeds of trust and notes, above referred to, were introduced as evidence in the case. Plaintiff testified that no part of the $2300 note had been paid except the amount credited from the trustee's sale. The defendant Holloway, appellant here, offered no evidence.

The only point briefed or argued by appellant in this case is that the court erred in not submitting to the jury the question of whether or not the note sued on was the same note that was referred to in the deed from the Bonds to appellant. In this connection, appellant offered, and the court refused, two instructions as follows:

"No. 2. The court instructs the jury that in the deed offered by plaintiff, which was made by Harry L. Bond and wife to defendant, William Holloway, said deed provides that William Holloway assumes the payment of a twenty-three hundred dollar note and you are instructed that there is no proof in this case that that clause has any reference to the note sued on herein, and your verdict should be for defendant, Holloway.

No. 3. The court instructs the jury that unless you find and believe from the preponderance or greater weight of all of the evidence that defendant, William Holloway, by receiving and accepting the deed from Harry L. Bond and wife, offered in evidence, containing the clause providing that the grantee assumes the payment of a twenty-three hundred dollar note agreed to pay the note sued on in this case, which is made to A. T. Trimble, then plaintiff cannot recover as against said William Holloway and your verdict and finding should be for defendant, William Holloway."

The cases cited by appellant in support of the proposition that the question of whether or not he assumed the payment of this particular note should have been submitted to the jury are not in point. It is true that in each of these cases the well-established rule of law adopted by the courts of this State is laid down "that all questions of fact, in suits at law, must finally and conclusively be determined by the jury, subject, only to the corrective action of the trial court, to set aside the finding of facts." [Gannon v. Gas Co., 145 Mo. l. c. 519, 47 S. W. 907, 46 S. W. 968.]

The rule seems to be that no matter how conclusive the evidence may be, one way or the other, if such conclusive proof, although uncontradicted, depends upon the oral testimony of witnesses, the issue must be submitted to the jury who alone may judge as to the credibility of those witnesses and may disbelieve all of them. Lafferty v. Kansas City Casualty Co., 229 S. W. 753, 287 Mo. 555.]

But in the Gannon case, supra, and in a great number of other decisions in this State, the foregoing rule has been held not applicable

to documentary evidence which requires the court to determine its construction and import. [Reichenback v. Ellerbe, 115 Mo. 588, 22 S. W. 573; Zalle v. Mutual Life Ins. Co., 233 S. W. 280; Downs v. Horton, 230 S. W. 103, 287 Mo. 414.]

The documentary evidence in the case at bar was conclusive, uncontradicted and could admit of but one construction. It is now so well settled in this State as to admit of no doubt that where the grantee in a deed of real estate accepts such deed containing a stipulation by which he assumes and agrees to pay a mortgage debt against the property, the holder and owner of such mortgage debt is entitled to sue and recover judgment for same against such grantee, although his immediate grantor was under no obligation either legal or equitable to pay such debt. [Crone v. Stinde, 156 Mo. 262, 55 S. W. 863, 56 S. W. 907; Hawes v. Mulholland, 78 Mo. App. 500; Wolf v. Campbell, 110 Mo. l. c. 120, 19 S. W. 622; Russell v. Wyant, 253 S. W. 790.]

The theory of such cases is that the same rule applies which permits a third person to enforce a contract made for his benefit by others. This rule is recognized in a great number of jurisdictions and is known as the "American Doctrine." [Cockrell v. Poe, 12 A. L. R. 1524, 100 Wash. 625, 171 Pac. 522; See also Note 21 A. L. R. 454, 480.]

Hence the question of privity of contract does not arise as it does when the liability of the grantee is based on the theory of subrogation, in which case the grantor in the deed must be liable for the debt in order to bind his grantee. So in the case at bar, the defendant Holloway, having accepted the deed containing the clause assuming the mortgage debt was clearly liable to plaintiff for the balance due after foreclosure of the first deed of trust, whether all the parties under whom he claims were liable or not. The documentary evidence would admit of no other construction. It is idle to say the jury should have been required to pass on the question as to whether the debt assumed was the same note on which this suit is based. There was no evidence that any other note of like amount existed as a lien against the property. The Crone case, supra, is in point here. As we view the record and the principles of law applicable thereto, the trial court correctly construed the evidence and directed a proper verdict.

Finding no error, the judgment is affirmed.

*Cox, P. J.,* and *Bradley, J.,* concur.