148 So. 308

#### SCOTT et al. v. WHARTON et al.

#### 6 Div. 157.

Supreme Court of Alabama.

May 18, 1933.

R. D. Gilliam, Jr., of Birmingham, for appellants.

**602**

Murphy, Hanna, Woodall & Lindbergh, of Birmingham, for appellees.

ANDERSON, Chief Justice.

■ It is well settled in this and practically all of the states that where one purchases the equity of redemption in land, that is, from a mortgagor, and as a part of the consideration assumes the payment of the mortgage debt, the mortgagee may recover of said purchaser upon foreclosure a deficiency judgment or decree. But the question here is the right of the mortgagee to such a judgment or decree from a remote purchaser of the mortgaged premises who assumed the mortgage debt, but whose vendor had not done so, and was in no wise liable therefor. Upon this question, we have no decision in point in this state, though it has brought about quite a division among many states. The United States Supreme Court and many of the state courts have denied the right of the mortgagee to recover such a judgment against the grantee—this on the theory that while he is entitled to the benefit of all collateral belonging to the grantor, who has become surety for the debt upon the grantees' assumption of it, the grantor himself must have been liable. For a list of the decisions so holding, see note to case of Corkrell v. Poe et al., 12 A. L. R. 1524. On the other hand, there is a line of decisions which holds that if the purchaser assumes the mortgage he will be liable although his immediate grantor was not liable—this upon the theory that the beneficiary of a new promise made between two other parties for his benefit, the beneficiary may recover upon same, irrespective of any debt due from the promisor to such beneficiary. Corkrell v. Poe et al., 100 Wash. 625, 171 P. 522, 12 A. L. R. 1524 and note. See, also, cases pro and con to note 29 L. R. A. 851, Fry v. Ausman, 29 S. D. 30, 135 N. W. 708, 39 L. R. A. (N. S.) 150, Ann. Cas. 1914C, 842.

■ It seems that our court has for years upheld the right of a beneficiary to enforce a contract made by others for his benefit although there was no consideration moving from him to either of the parties and we are, of course, in line with the case of Corkrell v. Poe, supra. Meyerson v. New Idea Hosiery Co., 217 Ala. 153, 115 So. 94, 55 A. L. R. 1231, Fite v. Pearson, 215 Ala. 521, 111 So. 15, and cases there cited.

■ It is suggested in brief of counsel for appellants that the relation of principal and surety exists between a mortgagor and his grantee who assumes the payment of the mortgage citing, among others, the case of Tennessee Valley Bank v. Sewell, 214 Ala. 362, 107 So. 834. These cases are sound as they deal with a mortgagor and his immediate grantee who assumes the debt and the doctrine of principal and surety can apply, but here we have a case where the relationship between the remote grantee and his vendor does not constitute this relationship for the reason that the grantor was not liable for the mortgage debt. In other words, we have a contract between the Strange Company and these appellants, the Scotts, whereby the Scotts purchased the land, and as a part of the consideration, assumed the existing mortgages, and notwithstanding the Strange Company has not assumed the mortgages and was not liable for the mortgage debt, it had the right to make a binding contract with the Scotts for the benefit of the mortgagee, and as between them, that is, the Strange Company and the Scotts, there was a valuable consideration.

The decree of the circuit court is affirmed. Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.