## CALDER v. RICHARDSON.

### No. 3627.

District Court, S. D. Florida,
Jacksonville Division.

May 25, 1935.

Kay, Adams, Ragland & Kurz, of Jacksonville, Fla., for plaintiff.

Crawford & May and Francis P. Conroy, all of Jacksonville, Fla., for defendant.

STRUM, District Judge.

The declaration herein alleges that on September 12, 1925, Bidwell Properties, Inc., was the owner of 900 acres of land encumbered by a pre-existing mortgage executed by W., P. McDonald, as mortgagor, to R. I. Harris. Bidwell Properties did not assume payment of the mortgage debt, and was in nowise personally liable therefor. Bidwell Properties thereafter conveyed 200 acres of said lands to Ruff Realty Company, the latter assuming and agreeing to pay two promissory notes of $10,000 each, secured by the mortgage aforesaid. Ruff Realty Company conveyed said 200 acres to the defendant Ernest S. Richardson, who also assumed and agreed to pay the two promissory notes just mentioned. Bidwell Properties conveyed the remaining 700 acres of the mortgaged lands to other persons, and warranted title to the same against the mortgage aforesaid, which covered the entire 900 acres. Bidwell Properties took from the purchasers of the 700 acres a purchase-money mortgage thereon in amount of $250,000. The latter mortgage was subordinate to the existing mortgage from McDonald to Harris. The defendant Richardson failed to pay the two $10,000 notes, by reason whereof, so it is alleged, said mortgage from McDonald to Harris was foreclosed, rendering Bidwell Properties liable to its grantee of the 700 acres under its warranty of title aforesaid, and Bidwell Properties has lost the value of its security under the junior mortgage executed to it as a part of the purchase price of said 700 acres.

Bidwell Properties assigned its claim against the defendant Richardson to plaintiff Louis Calder. Defendant demurs to plaintiff's declaration, insisting primarily that neither Bidwell Properties, nor its assignee Calder, can recover against Richardson, because Bidwell Properties was never personally liable for the mortgage debt assumed by Richardson.

█ In Florida a remote grantee is liable to the mortgagee upon the former's assumption of an agreement to pay the mortgage debt. Whitfield v. Webb, 100 Fla. 1619, 131 So. 786. This is upon the principle that the grantee's assumption of the mortgage debt is a contract made and intended by the formal parties thereto, not alone for their own benefit, but also for the direct benefit of a third party, the mortgagee, who may sue upon it at law as the real party in interest. That rule, as adopted in Florida, is binding upon this court. Duvall-Percival Trust Co. v. Jenkins (C. C. A.) 16 F.(2d) 223. The rule just stated was also adopted in Duvall-Percival Trust Co. v. Jenkins, supra, not only following the Illinois state rule, but as supported by the weight of authority. The same rule was followed in Bradbury v. Carter (C. C. A.) 291 F. 363.

█ Upon the making of such a contract, the law operating upon the acts of the parties creates the essential privity between the promisor and the third person beneficiary necessary to a binding legal obligation. McDonald v. Finseth, 32 N. D. 400, 155 N. W. 863, L. R. A. 1916D, 149; Corkrell v. Poe, 100 Wash. 625, 171 P. 522, 12 A. L. R. 1524, and note; Title Guaranty & Trust Co. v. Bushnell, 143 Tenn. 681, 228 S. W. 699, 12 A. L. R. 1512; Cobb v. Fishel, 15 Colo. App. 384, 62 P. 625; note, 21 A. L. R. 439, and statement of rule in note beginning 47 A. L. R. page 5; also cases cited in A. L. R. Blue Book of Supplemental Decisions, 1932, supplementing 12 A. L. R. 1528. See, also, the cases cited in Meyerson v. New Idea Hosiery Co., 217 Ala. 153, 115 So. 94, 55 A. L. R. 1231.

This is true even though the primary purpose of the contracting parties was to benefit themselves, and the third party beneficiary was unaware of the contract at the time of its execution. Ohio Casualty Co. v. Beckwith (C. C. A.) 74 F.(2d) 75.

█ A remote assuming grantee is liable to the mortgagee, even though the immediate grantor of such remote grantee is not personally liable for the mortgage debt, upon the principle, now well established, that one for whose benefit a promise between two parties is made may enforce the promise, although the beneficiary is a stranger both to the contract and to the consideration. 6 R. C. L. 882, § 271, and cases above cited. Although authority upon the question is in conflict, the weight of authority sanctions the view that lack of personal liability for a debt on the part of a grantor, either immediate or remote, seems to be no reason for denying recovery against a remote grantee by a person for whose benefit the covenant of assump-

950

tion was made. Scott v. Wharton, 226 Ala. 601, 148 So. 308; Wofford Bond & Mortgage Co. v. Armour, 228 Ala. 406, 153 So. 860; Title Guaranty & Trust Co. v. Bushnell; Corkrell v. Poe, supra, and cases therein cited. This principle is in harmony with Whitfield v. Webb, 100 Fla. 1619, 131 So. 786.

■ In this case, Bidwell's assignee, Calder, sues Richardson for the latter's breach of covenant to pay the senior mortgage. Plaintiff seeks to recover, not the mortgage debt, but damages sustained by Bidwell, his assignor, by reason of Richardson's default in paying the senior mortgage, which default rendered Bidwell Properties liable to its grantee of the 700 acres on its warranty of title thereto against the senior mortgage which Richardson assumed and agreed to pay, and also caused Bidwell Properties to lose the security of the junior mortgage executed to it on the 700 acres conveyed by it to other parties.

Undoubtedly, Bidwell Properties could sue its immediate grantee, Ruff, on the latter's covenant to pay the senior mortgage, which was a part of the consideration for the 200 acres conveyed by Bidwell to Ruff. Richardson's promise to pay the same mortgage was likewise a part of the consideration for conveyance of said 200 acres by Ruff to Richardson. Although Bidwell was not personally liable for the senior mortgage debt, its land was bound for the payment thereof. Bidwell therefore was interested in and a beneficiary of Richardson's promise to pay the senior mortgage, performance of which would pro tanto relieve Bidwell of its warranty of title to the 700 acres conveyed to other persons and would render the purchase-money mortgage to Bidwell on the 700 acres a first mortgage instead of subordinate to the senior mortgage.

It follows that when the defendant Richardson, as remote grantee, assumed and agreed to pay the senior mortgage debt to which Bidwell's land was subject, a promise made upon a sufficient consideration (Cobb v. Fishel, 15 Colo. App. 384, 62 P. 625; Scott v. Wharton, 226 Ala. 601, 148 So. 308), such promise was for the benefit, not only for the mortgagee, but also for the direct, though not immediate, benefit of Bidwell Properties, who as warrantor of the title to the 700 acres was vitally concerned in having the land released from the lien of the senior mortgage, not only to protect its warranty to the purchaser of the 700 acres, but also to protect the security of the subordinate purchase-money mortgage taken thereon by Bidwell Properties. As such beneficiary, upon default of the defendant to perform his covenant to pay, Bidwell is entitled to recover, not the senior mortgage debt, but damages sustained by reason of the defendant's failure to perform his covenant; this for the same reasons which support the principle that a remote grantee is liable to the mortgagee for the mortgage debt, although the former's grantor was not personally liable for such debt. See, also, upon the underlying principle here involved, Woodbury v. Tampa Water Works Co., 57 Fla. 249, 49 So. 556, 21 L. R. A. (N. S.) 1034. The fact that Bidwell was a stranger to the conveyance between Ruff Realty Company and Richardson, and paid none of the consideration therefor, does not defeat Bidwell's right to recover. 6 R. C. L. 882, § 271.

■ As the first count of plaintiff's declaration alleges only a formal breach of defendant's covenant without charging any special damage suffered by plaintiff, nominal damages only may be recovered thereunder. The second and third counts, however, which respectively allege the liability of Bidwell under its warranty of title to the 700 acres by reason of Richardson's default, and the loss by Bidwell of its junior mortgage security, make a case for substantial damages.

Demurrer overruled.